ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>GREIZA MADELINE ROSADO BÁEZ<br><br>Apelante | TA2025AP00463 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: D LE2023G0191<br><br>Sobre: Art. 2.8 Ley 54 (1989) Grave |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Compareció la peticionaria, la Sra. Greiza Rosado Báez (en adelante, "señora Rosado Báez" o "peticionaria"), mediante un recurso de *Certiorari*[1] presentado el 14 de octubre de 2025. Nos solicitó la revocación de la *Sentencia Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro primario"), el 18 de septiembre de 2025. Mediante esta, enmendó una sentencia emitida el 26 de abril de 2024, a los únicos efectos de conceder un horario abierto en la supervisión electrónica de 9:00 am a 6:00 pm.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari*.

**-I-**

---

[1] Mediante Resolución de 28 de octubre de 2025, este Tribunal acogió el presente recurso como un *Certiorari*, en la medida en que se solicita la revisión de una *Sentencia Enmendada* y en consideración a que la señora Rosado Báez solicitó previamente la revisión de su sentencia en el caso **KLAN202400460**. Sin embargo, se decidió mantener el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones, por cuestión de economía procesal.

La señora Rosado Báez fue detenida el 13 de julio de 2023 por violentar la orden de protección OPA-2022-028985, vigente desde el 1 de diciembre de 2022 hasta el 1 de octubre de 2023, a favor del Sr. Dimitri José Cordero Mojica (en adelante, señor Cordero Mojica). En específico, para el mes de julio de 2023, la peticionaria envió mensajes a través de la aplicación de ATH Móvil al señor Cordero Mojica, a sabiendas de la existencia de una orden de protección. Por esos actos, se le imputó la violación al Artículo 2.8 de la Ley 54 de 15 de agosto de 1989, 8 LPRA sec. 601 *et seq.*[2]

El 18 de enero de 2024, la señora Rosado Báez fue declarada culpable por el delito de epígrafe. En consecuencia, el 26 de abril de 2024, el foro primario dictó sentencia en su contra por el término de ocho (8) años de reclusión y ordenó la suspensión de la sentencia.[3] Posteriormente, la señora Rosado Báez solicitó la revisión de la referida sentencia identificada con el número de caso KLAN202400460. En ese caso, un panel hermano resolvió confirmar la sentencia apelada.

Luego de varios incidentes procesales, el 18 de septiembre de 2025, el foro primario enmendó la referida sentencia, a los únicos efectos de concederle horario abierto a la supervisión electrónica de la señora Rosado Báez de 9:00 am hasta las 6:00 pm.[4] Inconforme, el 14 de octubre de 2025, la señora Rosado Báez acudió ante nos mediante el recurso de epígrafe. Aun cuando el recurso no contiene un señalamiento de error en específico, la peticionaria planteó que en la sentencia enmendada se estableció un horario fijo que no correspondía al originalmente dispuesto. Arguyó que, existían irregularidades que evidenciaban la falta de certeza jurídica en su caso y vulneración de su debido proceso de ley. Además, alegó que

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 3, págs. 30-36.
[3] *Id.,* págs. 1-3.
[4] *Id.,* pág. 2.

su arresto fue ilegal y que no existía algún vínculo que la relacionara con el alegado delito cometido. Por todo lo antes expuesto, solicitó un nuevo juicio.

**-II-**

## A. Certiorari criminal

El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Pueblo Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372, (2020); *Pueblo v. Díaz De León,* 176 DPR 913, 917 (2009). Esto es, distinto al recurso de apelación, el foro revisor puede expedir el auto de *Certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* supra; *Pueblo v. Díaz De León,* supra, pág. 918. Sin embargo, la discreción del Tribunal revisor no es irrestricta. *Pueblo v. Rivera Maldonado,* supra. Así pues, nuestro ordenamiento jurídico aclaró que el foro revisor al ejercer su discreción debe hacerlo con cautela y por razones de peso. *Pueblo v. Díaz De León,* supra, pág. 918.

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR \_\_ (2025), establece unos criterios para que el Tribunal Intermedio ejerza con prudencia su discreción al momento de atender una solicitud de expedición de un auto de *Certiorari. Pueblo v. Rivera Maldonado,* supra. En lo pertinente, la referida regla establece los criterios siguientes:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor solo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Maldonado*, supra, pág. 373.

**-III-**

En esencia, la peticionaria planteó ante nos que el foro primario enmendó su sentencia para establecer un horario que no correspondía al originalmente dispuesto y que ha descubierto nueva evidencia que demuestra la fabricación de su caso. Del mismo modo, la peticionaria sostiene que su arresto fue ilegal por no haber un vínculo entre esta y el alegado delito cometido.

Tras examinar el recurso presentado, mueve nuestro criterio a no intervenir con lo resuelto por el foro primario. En primer lugar, no contamos con las minutas o mociones que nos pongan en posición para revisar las razones por las cuales el foro primario entendió meritorio enmendar la sentencia. Segundo, la peticionaria hace alegaciones que fueron o debieron haber sido objeto de la apelación de su condena. Además, hace alegaciones referentes a una nueva evidencia sobre la cual no tenemos constancia de que se haya

presentado ante la consideración del foro primario y mucho menos surge en nuestro expediente. Así pues, la peticionaria no nos ha colocado en posición para entender sobre sus planteamientos. Destacamos, además que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En fin, colegimos que no existe criterio jurídico que amerite nuestra intervención.

**-IV-**

Por los fundamentos expuestos, se **deniega la expedición** del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones